2012 ND 249

In the Matter of the Application for DISCIPLINARY ACTION AGAINST Loren C. McCRAY, A Person Admitted to the Bar of the State of North Dakota.

Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner

v.

Loren C. McCray, Respondent.

No. 20120363.

Supreme Court of North Dakota.

Dec. 3, 2012.

SUSPENSION ORDERED

PER CURIAM.

[¶ 1] The Court has before it a Stipulation, Consent to Discipline and Recommendations by the Hearing Panel of the Disciplinary Board recommending Loren C. McCray be suspended from the practice of law in North Dakota for six months and he pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We accept the stipulation, consent to discipline and recommendations, and we suspend McCray from the practice of law for six months effective upon entry of judgment in this matter.

[¶ 2] McCray was admitted to practice law in the state of North Dakota on November 7, 1994. McCray's license to practice law was suspended for six months and one day, effective October 1, 2008. *Disciplinary Board v. McCray*, 2008 ND 162, 755 N.W.2d 835. McCray has not petitioned for reinstatement under N.D.R. Lawyer Discipl. 4.5 and, therefore, has been suspended from the practice of law since October 1, 2008. While the instant suspension is for a period of six months, because McCray has been suspended since 2008, any reinstatement of his license to practice law is governed by the provisions in N.D.R. Lawyer Discipl. 4.5 applicable to a suspension of more than six months.

[¶ 3] McCray was served a Summons and Petition for Discipline on February 7, 2011. He filed a response to the Petition for Discipline on February 28, 2011. Disciplinary Counsel and McCray entered into a Stipulation and Consent to Discipline. The Hearing Panel of the Disciplinary Board filed a Stipulation, Consent to Discipline and Recommendations of Hearing Panel with this Court on September 28, 2012.

[¶ 4] In the Stipulated Facts and Conclusions, McCray admitted the following facts. After his October 1, 2008, suspension, he filed an affidavit with this Court attesting that he had served 106 notices to clients, as required by N.D.R. Lawyer Discipl. 6.3. However, he testified at the hearing resulting in the 2008 suspension, that as of the day before the hearing, his law firm "had like 9,450 [clients] or something along those lines." By letter dated April 30, 2009, Disciplinary Counsel asked McCray to explain the apparent discrepancy in the number of clients. In a response dated May 20, 2009, McCray revealed that on May 15, 2008, he "sold Bradley Ross Law and its clients to Facemyer and Associates in Utah." He also revealed that "on or before September 17, 2008, all remaining Bradley Ross Law clients and there [sic] files had been transferred to Facemyer and Associates."

[¶ 5] On May 21, 2009, Disciplinary Counsel requested McCray to provide the return receipts required by N.D.R. Prof. Conduct 1.17(c) related to the sale of a law practice, or for those for whom he did not

have a return receipt, to tell all reasonable steps taken to see that notice of the sale was received by the client; or if, after all reasonable steps had been exhausted, to tell what, if any, court authorized the transfer of the client file. McCray did not informally or formally provide the requested information until September 10, 2012. The information provided described the steps McCray took to notify clients of the sale of his law firm.

[¶ 6] McCray admitted that his failure to provide the requested information until September 10, 2012, violated N.D.R. Prof. Conduct 8.1(b), which provides that a lawyer shall not knowingly fail to respond to a lawful demand for information from a disciplinary authority. He also admitted that his failure to provide clients with notice, by certified mail, of the sale of his law firm violated the notice provisions of N.D.R. Prof. Conduct 1.17(c), but that the actual or potential injury resulting from the violation was substantially alleviated by McCray's efforts to provide notice by other means.

[¶ 7] McCray admitted that N.D. Stds. Imposing Lawyer Sanctions 7.2 applied, recognizing that suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system. McCray agreed that as a sanction for violation of N.D.R. Prof. Conduct 8.1(b) and N.D.R.Prof. Conduct 1.17(c), his suspension from the practice of law be extended six months, effective upon the entry of this order of suspension, and he pay $500 costs of the disciplinary proceeding within 30 days of entry of judgment in this matter. He also agreed that he may not apply for reinstatement under N.D.R. Lawyer Discipl. 4.5 until 60 days before the expiration of the extension of his current suspension.

The Hearing Panel accepted the Stipulation and Consent to Discipline and the recommended sanctions.

[¶ 8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). No objections were filed. The Court considered the matter, and

[¶ 9] **ORDERED,** that the Stipulation, Consent to Discipline, and Recommendations of the Hearing Panel filed on September 28, 2012, is accepted.

[¶ 10] **IT IS FURTHER ORDERED,** that Loren C. McCray is suspended from the practice of law for six months, effective from the entry of judgment in this matter.

[¶ 11] **IT IS FURTHER ORDERED,** that McCray must pay the costs and expenses of these disciplinary proceedings in the amount of $500.00 within 30 days of the entry of judgment, payable to the Secretary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶ 12] **IT IS FURTHER ORDERED,** that any reinstatement is governed by N.D.R. Lawyer Discipl. 4.5, and because McCray did not petition for reinstatement following his October 1, 2008, suspension, he must comply with the provisions for a suspension greater than six months to apply for reinstatement.

[¶ 13] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.